Daniel G. Shay (State Bar No. 250548)
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292
DanShay@SDBKN.com

Attorney for Plaintiff Lance Tacquard

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE TACQUARD,<br><br>　　　Plaintiff,<br><br>vs.<br><br>LIGHTHOUSE RECOVERY ASSOCIATES, LLC and DOES 1-10,<br><br>　　　Defendant. | CASE NO.  '13CV2459 CAB BGS<br><br>COMPLAINT FOR DAMAGES<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,<br>47 U.S.C. 227, ET SEQ.<br>2. VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT,<br>15 U.S.C. 1692 ET. SEQ;<br>3. VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT,<br>CAL. CIV. CODE 1788 ET. SEQ.<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.　Lance Tacquard ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Lighthouse Recovery Associates, LLC ("Defendant") and its present, former, or

future direct and indirect parent companies, subsidiaries, affiliates, agents, and related entities, in negligently, and/or willfully violating numerous debt collection laws. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.*

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10). Plaintiff is also a "consumer" as the term is defined by 15 U.S.C. § 1692a(3)

2

**Complaint for Damages**

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Limited Liability Company registered in Colorado with their principal place of business located in Colorado. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district. The Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (32). Defendant operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

7. Does 1-10 include the original creditor, parent companies and individual collectors ("Collectors") employed by Defendant and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Defendant at all times acted by and through one or more of the Collectors.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred a financial obligation for a personal "debt" as that is defined under 15 U.S.C. § 1692a(5) around 2009.

10. The debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed to collect the debt.

11. Defendant attempted to collect the debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

12. Defendant never sent Plaintiff written notice containing the amount of the debt or the name of the creditor in violation of 15 U.S.C. § 1692g.

13. Defendant did not send Plaintiff correspondence explaining Plaintiff's right to dispute the validity of the debt and his right to ask for verification of the debt in violation of 15 U.S.C. § 1692g.

14. Defendant called Plaintiff's cellular telephone ending 0618 regarding the debt using an automatic telephone dialing system without consent at least twenty-nine (29) times beginning no later than September 21, 2012.

**Complaint for Damages**

15. Defendant also left about twenty-nine (29) pre-recorded messages on Plaintiff's voicemail.

16. One of the calls from Defendant to Plaintiff's cellular telephone ending 0618 was on January 17, 2013 at 7:53 am from a number ending in 9605 in violation of 15 U.S.C. § 1692c(1).

17. The phone numbers Defendant used mostly ended in 5031 and 9603 however other numbers were used.

18. Plaintiff did provide his cellular telephone number to Defendant.

19. Plaintiff did not give Defendant prior express consent to call his cellular telephone.

20. Notwithstanding the fact that Plaintiff did not provide Defendant with his cellular number at any time, Defendant, or their agents, have called Plaintiff on his cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).  This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. Such calls were made several times per week, beginning no later than September 21, 2012.

22. The telephone number Defendants and/or their agents called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

23. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

24. These telephone calls and automated messages by Defendant and/or their agents violated 47 U.S.C. § 227(b)(1)(A)(iii).

///

///

4

**Complaint for Damages**

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

25. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

26. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

27. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

## FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET *SEQ.*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

5

**Complaint for Damages**

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

30. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

32. Plaintiff is also entitled to an award of attorney fees, costs and interest.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

33. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

37. Plaintiff is also entitled to an award of attorneys' fees, costs and interest.

///

///

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, ET SEQ.

38. Plaintiff incorporates by reference the above paragraphs of this complaint.

39. Defendant communicated with Plaintiff prior to 8:00 am on January 17, 2013 in violation of 15 U.S.C. § 1692c(a)(1).

40. Defendant engaged in behavior the natural consequences of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

41. Defendant caused Plaintiff's cell phone to ring repeatedly with the intent to annoy and harass Plaintiff in violation of U.S.C. § 1692d(5).

42. Defendant used unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.

43. Defendant failed to send Plaintiff an initial letter within five (5) days of its initial contact with Plaintiff in violation of 15 U.S.C. § 1692g(a).

44. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

45. Plaintiff is entitled to damages as a result of Defendant's violations.

46. Plaintiff is also entitled to an award of attorneys' fees, costs and interest.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

47. Plaintiff incorporates by reference the above paragraphs of this complaint.

48. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* prohibits unfair and deceptive acts and practices in the collection of consumer debts.

**Complaint for Damages**

49. Defendant, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).
50. Defendant caused Plaintiff's cellular telephone to ring repeatedly with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).
51. Defendant failed to comply with provisions of 15 U.S.C. § 1692, *et seq.,* in violation of Cal. Civ. Code § 1788.17.
52. Plaintiff is entitled to damages as a result of Defendant's violations.
53. Plaintiff is also entitled to an award of attorneys' fees, costs and interest.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### FOR NEGLIGENT VIOLATIONS OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
55. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);
56. An award of attorneys' fees and costs to counsel for Plaintiff;
57. Any other relief the Court may deem just and proper including interest.

### SECOND CAUSE OF ACTION
### FOR KNOWING AND/OR WILLFUL VIOLATIONS
### OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

58. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00

1  (one-thousand-five-hundred dollars) for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

59. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

60. An award of attorneys' fees and costs to counsel for Plaintiff;

61. Any other relief the Court may deem just and proper including interest.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, ET SEQ.

62. As a result of Defendant's violations of 15 U.S.C. § 1692, *et seq.*, Plaintiff seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

63. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

64. Cost of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

65. Any other relief the Court may deem just and proper including interest.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

66. As a result of Defendant's violations of Cal. Civ. Code § 1788, et seq., Plaintiff seeks actual damages pursuant to Cal. Civ. Code § 1788.30(a).

67. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b).

68. Cost of litigation and reasonable attorney fees pursuant to Cal. Civ. Code § 1788.30(c);

69. Any other relief the Court may deem just and proper including interest.

///
///
///
///

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: October 11, 2013                LAW OFFICE OF DANIEL G. SHAY

By: /s/ Daniel G. Shay
Daniel G. Shay
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

10

**Complaint for Damages**

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LANCE TACQUARD

**DEFENDANTS**
LIGHTHOUSE RECOVERY ASSOCIATES, LLC and DOES 1-10

**(b)** County of Residence of First Listed Plaintiff  San Diego, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Denver, CO
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Daniel G. Shay - 619-222-7429
409 Camino Del Rio, South, Ste 101B
San Diego, CA  92108

Attorneys *(If Known)*

'13CV2459 CAB BGS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1331 - Federal Question
Brief description of cause:
TCPA & FDCPA lawsuit for creditor harassment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 10/11/2013
SIGNATURE OF ATTORNEY OF RECORD: /s/ Daniel G. Shay

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____